**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NATHAN GENE PARROTT,

        Plaintiff,

vs.                                              Case No. 3:15-cv-1080-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Nathan Gene Parrott ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "[p]ain in lower back, neck, shoulder, knees [and] legs" as well as "h[igh ]b[lood ]p[ressure]" and "depression[.]" Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed October 30, 2015, at 258, 265. On January 13, 2012, Plaintiff filed an application for DIB, alleging an onset disability date of January 1, 2011. Tr. at 369-70. Plaintiff's application was denied initially, see Tr. at 256-57, 258-63, 264, 283-88, and was denied upon reconsideration, see Tr. at 265-76, 277-78, 289-94.

On February 3, 2014, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed October 30, 2015; Reference Order (Doc. No. 13), entered November 2, 2015.

Tr. at 216-55. The ALJ issued a Decision on February 21, 2014, finding Plaintiff not disabled through December 31, 2011, the date Plaintiff was last insured for DIB. Tr. at 199-210.

After the ALJ's Decision was issued, the Appeals Council received from Plaintiff, and incorporated into the administrative transcript, some additional evidence in the form of a brief from Plaintiff's representative and medical records. Tr. at 5-6; see Tr. at 471-74 (brief); Tr. at 8-192, 1099-1225 (medical records).[2] On July 9, 2015, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On September 2, 2015, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff advances three arguments on appeal, all having to do with the ALJ's handling of various medical opinions. See Plaintiff's Brief (Doc. No. 18; "Pl.'s Br."), filed February 2, 2016, at 1. First, Plaintiff argues the ALJ erred in "fail[ing] to articulate good cause for not crediting the treating opinion of [Syed Hussain, M.D. ("Dr. Hussain")]." Pl.'s Br. at 1; see id. at 12-20. Second, Plaintiff contends the ALJ erred because, "[d]espite assigning significant weight to the state agency opinions of [non-examining physicians Mary Payne, M.D. ("Dr. Payne") and Harry Beecham, M.D. ("Dr. Beecham")]," the ALJ "fail[ed] to address the part of their [respective] opinions limiting [Plaintiff] to occasional overhead reaching bilaterally."

---

[2] Some medical records that were originally received by the Appeals Council were removed from the administrative transcript because they are not Plaintiff's medical records. Tr. at 1226-57. Also, the Appeals Council's exhibit list evidently contains erroneous dates for the medical evidence that it received. The latest dated medical evidence noted by the Appeals Council is December 19, 2011, Tr. at 5, but it appears the Appeals Council actually received evidence dated all the way up to February 2015, Tr. at 8; see also Tr. at 1099, 1103 (letters from Plaintiff's counsel to the Appeals Council describing the medical evidence that was being submitted).

Id. at 1; see id. at 20-23. Third, Plaintiff asserts the ALJ erred by "fail[ing] to articulate good cause for not crediting the treating opinion of Dr. Fetchero and incorrectly believed he was the treating otolaryngologist as opposed to treating primary care physician[, when, i]n fact, [Plaintiff] was treated by two different 'Dr. Fetcheros.'" Id. at 1 (emphasis omitted); see id. at 23-25. On April 4, 2016, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") responding to Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 201-10. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2011 through his date last insured of December 31, 2011." Tr. at 201 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: AC joint degenerative joint disease, cervical disc disease, and lumbar degenerative disc disease." Tr. at 201 (emphasis and citation omitted). At step three, the ALJ ascertained that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 202 (emphasis and citation omitted).

The ALJ determined that through the date last insured, Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b). [Plaintiff] needed the option to sit or stand with a change of position every 30 minutes. He could occasionally climb ramps and stairs. He could not climb ladders, ropes or scaffolds. He could not balance. He had occasional restrictions for the remaining postural maneuvers. He could frequently handle and finger bilaterally. He could not have concentrated exposure to vibrations. He could not work around moving mechanical parts or unprotected heights. He would require a hand held assistive device to reach his workstation, but he would not require it at his workstation.

Tr. at 202-03 (emphasis omitted). At step four, the ALJ found that "[t]hrough the date last insured, [Plaintiff] was unable to perform any past relevant work" as a "[s]ider" and a "[m]etal [f]abricator[.]" Tr. at 208. At step five, the ALJ considered Plaintiff's age ("45 years old . . . on the date last insured"), education ("limited"), work experience, and RFC, and relied on the testimony of the VE to find Plaintiff through the date last insured was capable of performing

work that existed in significant numbers in the national economy. Tr. at 208-09 (some emphasis omitted). Namely, the ALJ identified representative jobs as "Blade Balancer," "Paper Pattern Folder," and "Assembler, Electrical Accessories[.]" Tr. at 209. The ALJ concluded that Plaintiff "was not under a disability . . . at any time from January 1, 2011, the alleged onset date, through December 31, 2011, the date last insured." Tr. at 210 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial

evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

The undersigned substantively addresses Plaintiff's argument that the non-examining physicians' opinions were improperly handled because, despite assigning them significant weight, the ALJ rejected the portion of the opinions that called for overhead reaching limitations (Plaintiff's second argument). Finding that reversal and remand is necessary for further consideration of those opinions, the undersigned also directs the ALJ on remand to further consider the treating physicians' opinions, particularly as they relate to overhead reaching, and to clarify whether Dr. Fetchero's opinion is that of the otolaryngologist or the primary care doctor. A discussion follows.

## A. Applicable Law

The Regulations establish a "hierarchy" among medical opinions[4] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors

---

[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(e).

With regard to a treating physician or psychiatrist,[5] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating physicians or psychiatrists "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate

---

[5] A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

-7-

reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Moreover, the opinions of non-examining physicians, taken alone, do not constitute substantial evidence. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)). However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc.

Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

An ALJ poses a hypothetical question to a VE as part of his step-five determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citation omitted). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17,

2008) (unpublished) (citation omitted).  "[F]or a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Wilson, 284 F.3d at 1227 (citation omitted).

**B.  Analysis**

    **1.  Non-Examining Physicians' Opinions**

On May 15, 2012, when Plaintiff's case was being reconsidered at the agency level, non-examining physician Dr. Beecham reviewed the available medical evidence and opined, among other things, that Plaintiff needed to be limited to only occasional right and left overhead reaching. Tr. at 273-74.  Dr. Beecham's rationale was: "Limit [overhead] reaching in both shoulders to occas[ionally] due to diff[iculty overhead] reach[ing] in MERs and on MRI showing bilat[eral] shoulder DJD and tendinosis."  Tr. at 273 (some emphasis omitted). Then, on September 10, 2012, Dr. Payne affirmed Dr. Beecham's May 15, 2012 opinion "as written."  Tr. at 657.

The ALJ accorded "[s]ignificant weight" to both opinions, stating that they are "consistent with the objective imaging studies and clinical evaluations, which demonstrate that [Plaintiff's] impairments are only moderate."  Tr. at 207.  The ALJ, however, did not include an upper reaching limitation in the RFC or the hypothetical to the VE.  Tr. at 202-03 (RFC in written Decision), 248-49 (hypothetical).  And, Plaintiff's counsel confirmed with the VE during the hearing that someone who is limited "to occasional bilateral reaching all directions" could not perform the jobs that the VE testified Plaintiff can perform based on the ALJ's hypothetical.  Tr. at 251.

Responding to Plaintiff's argument that the ALJ erred in evaluating the non-examining opinions of Dr. Beecham and Dr. Payne, Defendant contends that the ALJ properly evaluated these opinions. Def.'s Mem. at 11-14. In support of this argument, Defendant contends it is within the ALJ's province to assess the RFC, and the evidence of record supports the ALJ's failure to include an overhead reaching limitation in the RFC. Id.

The ALJ's assignment of significant weight to the opinions of Dr. Beecham and Dr. Payne— and simultaneous rejection, without any explanation, of the overhead reaching limitation that these doctors imposed— is error necessitating remand. The ALJ even recognized that the opinions are "consistent with the objective imaging studies and clinical evaluations" upon which they relied. Tr. at 207. Yet, for unknown reasons, the ALJ did not impose an occasional upper reaching limitation in the RFC and the hypothetical to the VE. Tr. at 202-03, 248-49. According to the VE himself, the VE's testimony regarding the jobs that Plaintiff can perform is rendered meaningless if Plaintiff is limited to occasional reaching in all directions, see Tr. at 251, so it is necessary for the matter to be remanded for the Commissioner to reconsider the opinions and, if necessary, reformulate the RFC and repose a hypothetical to the VE.

### 2. Treating Physicians' Opinions

The only other opinions regarding physical limitations that the ALJ addressed in the Decision are the two treating opinions that Plaintiff focuses on in the instant appeal: that of Dr. Hussain and that of Dr. Fetchero. See Tr. at 206-07. Both doctors rendered opinions that, if accepted, would preclude all work. See Tr. at 519-23, 707 (Dr. Hussain's opinion), 1031-35 (Dr. Fetchero's opinion). Dr. Hussain, among other restrictions, indicated that

-11-

Plaintiff could only reach overhead forty percent of the time, Tr. at 522, which is pretty consistent with the occasional overhead reaching limitation imposed by the non-examining physicians (discussed in Section IV.B.1., supra). Dr. Fetchero was even more restrictive, indicating that Plaintiff could only reach overhead less than ten percent of the time. Tr. at 1034. In other words, every physician to opine on the issue of overhead reaching imposed at least some restriction.

The ALJ assigned "little weight" to both treating opinions. Tr. at 206-07. The ALJ provided reasons for rejecting both opinions, but at least as to some sort of overhead reaching limitations, the opinions are consistent with the evidence and with the opinions of the non-examining physicians. Accordingly, the Commissioner on remand shall reconsider these treating physicians' opinions along with the non-examining physicians' opinions. Additionally, Plaintiff contends that the ALJ erroneously assumed that the "Dr. Fetchero" who rendered the opinion at issue is the same "Dr. Fetchero" who is an otolaryngologist. Pl.'s Br. at 23-25; see Tr. at 207 (ALJ stating that "[l]ittle weight is accorded to this opinion from [Plaintiff's] otolaryngologist"). In fact, says Plaintiff, he was treated by two different Dr. Fetcheros and the one who authored an opinion is his primary care doctor. Pl.'s Br. at 23. The Commissioner shall, on remand, clarify whether the opinion is that of the otolaryngologist or the primary care doctor.

## V. Conclusion

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

 (A) Reevaluate the opinions of non-examining physicians Dr. Beecham and Dr. Payne and the opinions of treating physicians Dr. Hussain and Dr. Fetchero, especially as they relate to overhead reaching limitations, and state with particularity the weight assigned and reasons therefore;

 (B) Clarify whether Dr. Fetchero's opinion is that of the otolaryngologist or the primary care doctor;

 (C) If necessary, reformulate the RFC and repose a hypothetical to a VE; and

 (D) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 29, 2016.

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:
Counsel of record